Agnes, Peter W., J.
1. Introduction
This is a civil action in the nature of a petition for the commitment of Donat Choinere (hereafter, “respondent”) as a Sexually Dangerous Person under G.L.c. 123A, §14(d). The petition for commitment was filed by the Commonwealth pursuant to G.L.c. 123A, §12(b) on or about May 16, 2006. Prior to the probable cause hearing, this court allowed a motion by the respondent for funds to hire an expert witness. The Commonwealth also retained the services of an expert witness for this stage of the proceeding. A probable cause hearing was held, see G.L.c. 123A, §12(c) and (d), and on August 3, 2006 probable cause was found. See paper No. 7 (Findings, Rulings and Order on Probable Cause). Thereafter, in accordance with G.L.c. 123A, §13(a), two “qualified examiners,” see G.L.c. 123A, §1, different from the two experts hired by the parties at the probable cause stage, were appointed to assess the respondent. The examiners — Dr. Mark *551 Schaefer and Dr. Cornelius F. Kiley — filed their reports with the court on or about September 13, 2006.
2.Question Presented
The present question arises out of the respondent’s motion for pre-trial expenses in which he seeks to hire two additional experts pursuant to G.L.c. 123A, § 14(b) and G.L.c. 261, §27A-27D. When the motion was first presented to the court, the respondent made reference to (but did not have a copy of) the decision by a Single Justice of the Appeals Court in Commonwealth v. Corey Whitehead, 2006-J-253 (Green, J.) (arising from the Barnstable Superior Court) (hereafter, "Whitehead case”). The respondent’s motion was denied without prejudice to a showing of further need (Fecteau, J.). The respondent appealed that order to a Single Justice of the Appeal Court. Commonwealth v. Donat Choinere, 2006-J-510 (Cypher, J.). The Single Justice notes that “the defendant argues that fundamental fairness entitles the respondent to funds to hire two experts in light of the fact that the Commonwealth has hired three doctors to evaluate the respondent.” Because the Single Justice was not certain that this court had an opportunity to consider the respondent’s argument in its entirety, the matter was remanded for further hearing.
3.Background
A further hearing took place on November 7, 2006. Based on the presentations made by counsel, the background facts are as follows. There are four expert witnesses who have examined the respondent — -two in connection with the probable cause hearing and two Qualified Examiners appointed thereafter. Of these four experts, the one engaged by the Commonwealth for probable cause and one of the two Qualified Examiners has opined that the respondent is a sexually dangerous person as defined in G.L.c. 123A, §1. The expert who was engaged by the respondent for the probable cause hearing has opined that the respondent does not suffer from a “mental abnormality” or “personality disorder,” as those terms are defined in G.L.c. 123A, §1, and is not likely to re-offend even though he is not confined for treatment at the Bridgewater State Hospital. The fourth expert, Dr. Kiley, the remaining Qualified Examiner, has opined that the respondent does suffer from a “mental abnormality” or a personality disorder," as those terms are defined in G.L.c. 123A, §1, but is not likely to re-offend even though he is not confined for treatment at the Bridgewater State Hospital. This court has authorized the respondent to hire an additional expert witness for trial. See G.L.c. 123A, § 13(d). The respondent maintains, however, that he is entitled to hire a second expert witness under G.L.c. 123A, §14(b) and G.L.c. 261, §27A-27D.
The respondent is entitled to two experts, to examine him as part of preparing his defense. His experts might find that not only is he not sexually dangerous but also that he does not have both a mental abnormality and a personality disorder; and that his risk of re-offense is not as high as Dr. Kiley determined. Such an opinion by defense experts would be more favorable opinion than the opinion of Dr. Kiley.
It is a matter of fundamental fairness that the respondent have the funds to hire two experts in addition to his probable cause expert. The Commonwealth paid for three doctors to evaluate the respondent and then chose which of them to testify at trial. In this case, the Commonwealth will call two of the three doctors, including the Qualified Examiner from the probable cause hearing, to testify at-trial. As a matter of fairness, the respondent is entitled to hire experts in like number to evaluate him and then choose which of them to testify at trial. For this reason, the respondent would be entitled to two experts in addition to his probable cause expert.
Respondent’s Further Argument at 3 (Oct. 27, 2006).
4.Discussion
In the Whitehead case, it appears that the Commonwealth and the respondent each planned to call at trial the expert witnesses who testified for them at the probable cause hearing. In addition, the Commonwealth planned to call one of the two Qualified Examiners appointed under G.L.c. 123A, §13(a) who was expected to testify that the respondent was a sexually dangerous person within the meaning of G.L.c. 123A, §1 (Dr. Carol Feldman). However, it appears that the Commonwealth did not intend to call the second Qualified Examiner who had opined that although the respondent suffers from a “mental abnormality,” he is not likely to re-offend if not confined to a secure facility. In this circumstance, a judge of the Superior Court reportedly denied the respondent’s motion for funds to hire a second expert. In reversing this decision, the Single Justice in the Whitehead case observed that “[fiaced with two experts testifying to the contrary, the defendant’s access to a like number of experts who will testify consistently with his position is reasonably necessary to prevent him from being disadvantaged in presenting his case adequately; a person of reasonable means faced with similar circumstances would undoubtedly engage the two experts proposed by the defendant.”
5.
Applying the logic of the Whitehead case to the facts in the case at bar, the respondent’s motion is denied. The respondent has already engaged the service of and called an expert witness who testified at the probable cause hearing. The respondent has a statutory right to funds necessary for that witness to testify for the respondent at trial. See G.L.c. 132A, §14(b). Presumably, the cost of this witness, who already is familiar with the case, will be less than would be the cost of *552 engaging the services of an expert who is not familiar with the case. It is appropriate for this court to take reasonable measures to minimize the extra costs associated with the allowance of motions under G.L.c. 261, §27A-27D. See Commonwealth v. Clarke, 418 Mass. 207, 214 & n.6 (1994); Commonwealth v. DeWolfe, 389 Mass. 120, 126 (1983). The respondent has not made a showing that there is good cause why he should not be required to use the expert witness who testified at the probable cause hearing as one of his trial experts. This court has already allowed the respondent’s motion to hire an additional expert witness to testify at trial. The result of this action, is that the respondent in this case, like the respondent in the Whitehead case, will have the means to field two expert witnesses at trial to match the two experts called by the Commonwealth. This satisfies the requirements of G.L.c. 123A, § 14(b) and G.L.c. 261, §27A-27D that an indigent person have access to funds when “it is reasonably necessary” to assure the indigent of a defense “as effective as he would have if he was financially able to pay.” G.L.c. 261, §27C. “In assessing a request for funds, a judge should look to whether a defendant who was able to pay and was paying expenses himself, would consider the service sufficiently important that he would choose to obtain it in preparation for trial.” Commonwealth v. Clarke, supra, 418 Mass. at 213. If for some reason, the Commonwealth decides to call the second Qualified Examiner as a trial witness or to engage the services of another independent expert for trial (making a total of three trial experts), the respondent might be entitled to additional funds to hire another expert witness.
ORDER
For the above reasons, the respondent’s motion to hire a second expert witness is DENIED.